**Electronically Filed
Intermediate Court of Appeals
29971
20-DEC-2010
09:50 AM**

NO. 29971

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BRIAN L. STANTON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1801)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant Brian L. Stanton (Stanton) appeals from the Corrected Judgment of Conviction and Sentence filed on July 8, 2009 in the Circuit Court of the First Circuit (circuit court).[1] A jury convicted Stanton of Attempted Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes (HRS) HRS § 707-730(1)(a) (Supp. 2008).[2] The circuit court sentenced Stanton to twenty years of incarceration, with credit for time served, and ordered him to pay a crime victim compensation fee.

On appeal, Stanton contends:

(1) The circuit court erred and violated Stanton's rights to due process and a fair trial in violation of article 1, §§ 5 and 14, of the Hawaii Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by

---

[1] The Honorable Patrick W. Border presided.

[2] HRS § 707-730(1)(a) provides:

§707-730 **Sexual Assault in the first degree.** (1) A person commits the offense of sexual assault in the first degree if:

(a) The person knowingly subjects another person to an act of sexual penetration by strong compulsion[.]

admitting as rebuttal evidence at trial the entire videotaped police interview of Complainant.

(2)   The circuit court reversibly erred and violated his rights to due process and a fair trial by admitting Honolulu Police Department (HPD) Detective Sato's rebuttal testimony regarding Complainant's injuries and prostitution in general. Stanton argues that the testimony was improper because the State of Hawaiʻi (State) did not raise the subject matter in its case-in-chief, the evidence did not serve to negate a potential defense, and the evidence served to improperly permit the State to bolster Complainant's credibility.

(3)   The circuit court erred and violated Stanton's right to a fair trial in permitting Detective Sato to provide opinion testimony as either an expert or a lay witness.  Stanton asserts that Detective Sato's testimony violated Hawaii Rules of Evidence (HRE) Rule 702 because the circuit court did not qualify the detective as an expert in the field of prostitution. Alternatively, Stanton contends the testimony violated HRE Rule 701, which requires lay opinion testimony to be based on the witness's perception.  Stanton argues that as a result of the lack of foundation, the testimony was more prejudicial than probative, in violation of HRE Rules 401, 402, and 403.

(4)   The Deputy Prosecuting Attorney (Prosecutor) committed prosecutorial misconduct and violated Stanton's rights to due process and a fair trial in her closing argument.  Stanton contends the Prosecutor improperly urged the jurors to step into Complainant's shoes; implicitly urged for additional sympathy and protection because Complainant was female and a prostitute; and urged jurors to base their decision on an emotional reaction to an alleged injustice, rather than the law and facts.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Stanton's points of error as follows:

(1)   The circuit court did not err or violate Stanton's constitutional rights by admitting as rebuttal evidence at trial

the entire videotaped police interview of Complainant. The portion of the video Stanton's counsel played at trial created an inference that Complainant's demeanor was inconsistent with her claims against Stanton. In the remainder of the video, Complainant is not laughing and has a serious demeanor. Allowing the State to show the remainder of the video was proper rebuttal to the inference created by defense counsel that Complainant's demeanor during the interview was inconsistent with her claims. The evidence was more probative than prejudicial. HRE Rule 403.

(2) The circuit court did not reversibly err or violate Stanton's constitutional rights by admitting Detective Sato's rebuttal testimony regarding Complainant's injuries and prostitution in general.

(a) Detective Sato's testimony regarding Complainant's injuries did not rebut any evidence introduced by Stanton and it was cumulative because Complainant, HPD Evidence Specialist Sunaoka, and Officer Palitz had already testified that Complainant had injuries after the incident and the circuit court admitted into evidence photographs of the injuries. Nevertheless, the circuit court's erroneous admission of the evidence was harmless because it did not affect Stanton's substantial rights. HRPP Rule 52(a). In the scope of the entire trial, this single statement was not prejudicial.

(b) Detective Sato's testimony about prostitution in general constituted proper rebuttal evidence. The detective testified that when prostitutes and their clients interact, they do not discuss money right away so each person can ensure that the other person is not a police officer. He stated that a prostitute would call her activity with the client a "date" and ask the client what he wanted, the client would tell the prostitute what sex acts he wanted, and the two would discuss the price. Detective Sato's testimony rebutted Stanton's testimony that Stanton was unaware Complainant was a prostitute because it suggested that Stanton was experienced enough with prostitutes to know Complainant's vocation.

(3) The circuit court did not err or violate Stanton's rights to a fair trial in permitting Detective Sato to provide

3

opinion testimony. Stanton did not object to Detective Sato's testimony regarding prostitution practices on the ground that it constituted improper opinion testimony, but only on the grounds that it constituted improper rebuttal evidence and was irrelevant. Stanton therefore waived his right to challenge the admission of Detective Sato's testimony on the ground that it constituted improper opinion testimony. State v. Matias, 57 Hawaii 96, 101, 550 P.2d 900, 903-04 (1976).

(4) The Prosecutor's comments in her closing argument were not plain error. See State v. Iuli, 101 Hawai'i 196, 208, 65 P.3d 143, 155 (2003) ("Because Iuli did not object to the prosecutor's alleged misconduct at trial, this court must, as a threshold matter, determine whether the alleged misconduct constituted plain error that affected Iuli's substantial rights."); State v. Wakisaka, 102 Hawai'i 504, 513, 78 P.3d 317, 326 (2003) (internal quotation marks and citation omitted) ("If defense counsel does not object at trial to prosecutorial misconduct . . . [w]e may recognize plain error when the error committed affects substantial rights of the defendant.").

(a) Assuming arguendo the following comment was improper: "Did anyone ever immobilize you by laying on top of you and you couldn't get out? Maybe some of the women can think of that situation more than the men."; it was made within the context of a proper statement that was relevant as to whether Stanton had committed the charged offenses and did not affect Stanton's substantial rights. See State v. Mars, 116 Hawai'i 125, 143, 170 P.3d 861, 879 (App. 2007).

(b) Also, these statements did not affect Stanton's substantial rights: (1) "[Stanton] got in there [the van] to take it by force with the prostitute, and nobody's going to believe her because she's a prostitute. . . . Well, [Stanton] wasn't counting on a court of law and on justice."; and (2) "Members of the jury, it's for you as members of the community to do justice in this case. . . . Find [Stanton] guilty because of the injustice that was done to [Complainant]." See Freeman v. State, 776 So. 2d 160, 186 (Ala. Crim. App. 1999) (internal quotation marks and citation omitted) ("There is no impropriety

4

in a prosecutor's appeal to the jury for justice[.]"); <u>Lafevers v. State</u>, 819 P.2d 1362, 1370-71 (Okla. Crim. App. 1991) (prosecutor's comments concerning jury's duty to do justice by returning a guilty verdict not outside the scope of permissible closing argument where jurors pledge to uphold justice); <u>People v. Bass</u>, 581 N.W.2d 1, 6 (Mich. Ct. App. 1997) (holding that prosecutor's remark to jury "to do the right thing" and "do justice" did not deny defendant a fair and impartial trial where comments were isolated, prosecutor's argument was otherwise proper, and an objection and curative instruction could have eliminated any prejudicial effect).

Therefore,

IT IS HEREBY ORDERED that the Corrected Judgment of Conviction and Sentence filed on July 8, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, December 20, 2010.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge